IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| DUTY FREE AMERICAS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CCB 03 CV 432 |
| ) | |
| PROSERVE CORPORATION, et al. ) | |
| ) | |
| Defendants ) | |
| ) | |

MEMORANDUM IN OPPOSITION TO
ARAGON'S MOTION TO DISMISS

COMES NOW, Plaintiff Duty Free Americas, Inc. ("Duty Free"), by counsel, and opposes Defendant, Joseph M. Aragon's, Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Transfer Venue (the "Motion"), and states as follows:

INTRODUCTION

It is undisputed that this Court has personal jurisdiction over Defendant Proserve Corporation ("ProServe"). In turn, ProServe is a mere façade for the personal business dealings of Defendant Joseph M. Aragon ("Aragon"). As explained in detail below, ProServe has no separate identify from Aragon, nor separate purpose from Aragon's own dealings, and is so completely dominated by Aragon that it is difficult to support the legal fiction of ProServe's corporate existence. More importantly, however, Aragon does not himself respect ProServe as a separate entity – co-mingling his own rights and obligations with that of ProServe – demonstrating why this Court should not respect that corporate existence either. These facts are ignored in Aragon's otherwise thoughtful treatment of the general legal principles at issue here.

115763

And it is these facts that compel the conclusion that ProServe is Aragon. Accordingly, this Court has personal jurisdiction over Aragon because it has personal jurisdiction over ProServe and Aragon's Motion to Dismiss must be denied. For similar reasons, Aragon's alternative Motion to Transfer Venue must also be denied because the forum-selection clause that binds ProServe, binds Aragon as well, and he has failed to show why it should not be enforced.

## FACTS

Aragon's Memorandum ("Memo.") in support of his Motion mischaracterizes the basis for personal jurisdiction over Argaon, stating "Duty Free's bald allegations that Aragon is ProServe's alter ego cannot confer jurisdiction over Mr. Aragon personally." Memo at 6. In contrast, the Complaint alleges the following specific facts that support the conclusion that ProServe is, in fact, Aragon's alter ego:

- Aragon is ProServe's President who controls all of ProServe's actions, as well as the actions of DAE of which ProServe is a member. Compl. ¶¶ 3-4, 9.

- "ProServe is Aragon's alter ego because he does not respect it as a separate corporate entity, co-mingling his funds and obligations with that of ProServe." Compl. ¶ 5.

- ProServe made payments on a Note for which it was not liable, but which had been guaranteed personally by Aragon. Compl. ¶¶ 54, 60, 61; Compl. Ex. G.

Further, based on a reading of the Complaint and the attached Exhibits, besides Aragon, no other person was involved in the management or decision-making regarding ProServe's affairs.

Although Aragon's Affidavit ("Aff.") contends that "ProServe is a viable entity; it is not my alter ego or façade for individual activities," Aff. ¶ 4, the Affidavit does not dispute any of these specific allegations; and even if it did, at this stage, those disputed facts would have to be resolved in Duty Free's favor.

## QUESTION PRESENTED

Whether Aragon can evade the jurisdiction of this Court by disavowing the forum selection clause and the answer signed by his alter ego, ProServe – a sham corporation, whose sole purpose is to serve as a corporate façade for his personal business dealings.

## ARGUMENT

### I. STANDARD OF REVIEW

In ruling on a Motion to Dismiss, the plaintiff needs only to make a prima facie showing of personal jurisdiction and, in weighing whether that initial burden has been met, the court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor. Robbins v. Yutopian Enterprises, Inc., 202 F. Supp. 2d 426, 427 (D. Md. 2002) (Blake, J.) (*citing* Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993)); Ottenheimer Publishers, Inc. v. Playmore Inc., 158 F. Supp. 2d. 649, 650-51 (D. Md. 2001) (Blake, J.) (same).

### II. THIS COURT HAS PERSONAL JURISDICTION OVER ARAGON BECAUSE THIS COURT HAS PERSONAL JURISDICTION OVER PROSERVE, HIS ALTER EGO.

The question presented today was addressed almost thirty years ago, in Holfield v. Power Chemical Co., Inc., 382 F.Supp. 338 (D. Md. 1974), specifically:

> Whether or not there is sufficient identity of interest between the defendant [president and majority shareholder of Power Chemical] and Power Chemical for the acts of one to be attributed to the other, and, if that congruence of interest is found, whether or not the Maryland courts, in construing the Maryland long-arm statute, would then disregard the corporate entity to reach the defendant. Assuming that question to be answered in the affirmative, the second step of long-arm statute analysis comes into play. The Court must then decide if such construction by the Maryland courts meets federal due process requirements.

Id. at 391. In other words, Holfield considered whether this Court has jurisdiction over an individual if it has jurisdiction over his alter ego.

Like this case, the corporate defendant in Holfield admitted personal jurisdiction but contended that the acts of the corporation were not attributable to the individual defendant. Id. at 392. After concluding that the corporation was, in fact, an alter ego of the individual defendant, this Court considered whether due process was met where "[t]he only way the defendant [could] be linked to Maryland is by attributing the acts of the corporation to him." Id. at 394. After revisiting the facts supporting its conclusion that the corporation was an alter ego, this Court then reasoned that "[g]iven his intimate involvement, the defendant cannot now claim that he has been unfairly surprised by a lawsuit growing out of that involvement in Maryland." Id. This Court held,

> Where, as in this case, there is an unmistakable identity of interest between the defendant and the corporation through which he acts, where that corporation has acted in a manner that brings it within a long-arm statute, and where significant forum state interests are involved in the cause of action, then disregarding the corporate entity to reach the defendant for the purpose of asserting the personal jurisdiction of the state courts over the defendant does not offend the due process requirements of the Constitution.

Id. at 394 (emphasis added). As discussed below, the facts of this case fall squarely within the four corners of the Holfield decision.

A.  **ProServe Is Aragon's Alter Ego And, Therefore, This Court Should Pierce The Corporate Veil For Purposes Of Personal Jurisdiction.**

When analyzing whether to pierce the corporate veil in a diversity case, this Court looks to Maryland law. *See, e.g.*, Mylan Laboratories, 2 F.3d at 61 (applying Maryland law); Quinn v. Bowmar Publishing Co., 445 F.Supp. 780, 786-87 (D. Md. 1978) (same). Under Maryland law,

a corporate entity may be disregarded for purposes of personal jurisdiction where the sole purpose of the corporation is to serve as a façade for the individual defendant. Harris v. Arlen Properties, Inc., 256 Md. 185, 260 A.2d 22 (Md. 1969).[1] While Maryland courts uphold the sanctity of the corporation, as a preliminary matter, "it is necessary that as a factual matter that a corporation have some independent reason for its existence, other than being under the complete domination and under the control of another legal entity for the purpose of doings its act and bidding." Id. at 200, 29; see also Holfield, 382 F. Supp. at 393 (piercing the corporate veil to attach personal jurisdiction on the "guiding genius" and "controlling personality" of the defendant corporation).

In a legitimate corporation, corporate funds cannot be used directly to pay the personal debts of the corporation's President. Moreover, in a legitimate corporation, no one person can so utterly dominate a corporation such that he has the power to pay his personal debts with corporate funds. As shown in Exhibit G to the Complaint, DAE was liable on a Note for $1.2 million, which was personally guaranteed by Aragon – ProServe was not liable on the Note. Nonetheless, Aragon had ProServe make the payments on the Note. Compl. ¶¶ 60-61. Where one person controls all the affairs of the corporation, and does so in a manner inconsistent with that corporation's separate existence (for example, by co-mingling funds and obligations), the corporation is a mere façade for that individual's business transactions. Therefore, under the law of this state, ProServe's corporate existence must be disregarded so that this Court can exercise personal jurisdiction over Aragon based upon the actions of ProServe.

---

[1] This Court also considers such factors as "co-mingling of funds." Amhil Enterprises Ltd. v. Wawa, Inc., No. HAR 93-1349, 1994 WL 750535, *5 (Dec. 16, 1994).

115763

    **B.**    **Because ProServe Is Aragon's Alter Ego, ProServe's Contacts With Maryland Are Attributed To Aragon, Subjecting Him To The Personal Jurisdiction Of This Court.**

        **1.**    **This Court Has Personal Jurisdiction Over Aragon Because He Is Bound By The Forum-Selection Clause Agreed To By ProServe (His Alter Ego).**

In this case, ProServe has signed a forum-selection clause, which vested the Maryland courts with personal jurisdiction with ProServe. Compl. ¶ 14; Compl. Ex. A, p. 14 ¶ 27; Memo. at 4. In recent years, the federal courts have applied the principles announced in Holfield when the corporate defendant is hailed into court under a forum-selection clause. *See* Packer v. TDI Systems, Inc., 959 F.Supp. 192, 202 (S.D.N.Y.) ("A corporation's consent to jurisdiction under a forum selection clause can be applied to obtain jurisdiction over an individual officer by disregarding the corporate entity under the doctrine of piercing the corporate veil."). Therefore, because ProServe is Aragon's alter ego, its consent to jurisdiction through the forum-selection clause waived Aragon's objection to personal jurisdiction here.

        **2.**    **Alternatively, This Court Has Personal Jurisdiction Over Aragon Because He Is Bound By ProServe's (His Alter Ego) Waiver of Personal Jurisdiction.**

Moreover, in this case, ProServe has answered the Complaint in this court, waiving any argument that this Court lacks personal jurisdiction over it. *See* FED. R. CIV. P. 12(h)(1); *see also* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584, 119 S.Ct. 1563, 1570, 143 L.Ed.2d 760 (1999) (personal jurisdiction is waiveable). Also based on the principles announces in Holfield, the federal courts have held that an alter ego's waiver of personal jurisdiction is attributable to its principal. *See* Patin v. Thorougbred Power Boats Inc., 294 F.3d 640, 653-54 (5th Cir. 2002) (those courts considering the issue have "uniformly found that it is consistent with due process to impute a corporation's waiver of personal jurisdiction to its ... individual alter

115763

ego") (*citing* <u>Hale Propeller, L.L.C. v. Ryan Marine Prods. Pty., Ltd.</u>, 98 F.Supp.2d 260, 264 (D. Conn. 2000) ("Because an alter ego is considered to be an indistinguishable entity, personal jurisdiction over answering defendants establishes personal jurisdiction over any such defendant's alter egos."), *aff'd*, 37 Fed.Appx. 526, 2002 WL 1218028 (Fed. Cir. June 5, 2002); <u>Totalplan Corp. of Am. v. Lure Camera, Ltd.</u>, 613 F. Supp. 451, 458 (W.D.N.Y. 1985) (An alter ego corporation's "waiver thus in effect extends to these [individual] defendants, through the rent made by plaintiff in the corporate veil.")). Therefore, because ProServe is Aragon's alter ego, its answer waived Aragon's objection to personal jurisdiction here.

### III.   ARAGON PROFFERS NO REASON WHY THE FORUM-SELECTION CLAUSE IS UNENFORCEABLE.

While Aragon's Motion identifies the factors generally used by courts in evaluating Motions to Transfer Venue under 28 U.S.C. § 1404 (a), it fails to consider the effect of the forum-selection clause on that analysis. As this Court recently explained, forum-selection clauses are presumed to be binding, and they are enforced absent extraordinary circumstances:

> [T]he Supreme Court held that forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. Enforcement is unreasonable only when (1) agreement to the forum-selection clause was induced by fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which the suit is brought or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of his day in court.

<u>Berry v. Soul Circus, Inc.</u>, 189 F. Supp. 2d 290, 293 (D. Md. 2002) (*citing* <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10-19, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)) (internal quotations omitted). Here, the forum-selection clause is consistent with Duty Free's choice of forum. Compl. ¶ 14; Ex. A, p. 14 ¶ 27. Because Defendant Aragon (who has already removed

this case out of state court) fails to address (let alone establish) any grounds for disregarding the forum-selection clause, it should be enforced. Berry, *supra*, 189 F. Supp. 2d at 295. And because ProServe is Aragon, the forum-selection clause should be enforced against Aragon. Packer, *supra*, 959 F.Supp. at 202. Therefore, the alternative Motion to Transfer must be denied.

## CONCLUSION

For the foregoing reasons, Aragon's Motion to Dismiss or Transfer Venue should be denied because ProServe is Aragon's alter ego. This Court has personal jurisdiction over Aragon because this Court has personal jurisdiction over his alter ego ProServe. Further, this case should not be transferred out of this Court because the forum-selection clause must be enforced in the face of Aragon's failure to establish otherwise; and it must be enforced against Aragon because it applies to his alter ego ProServe.

Dated: 3/21/03

Respectfully submitted,

*[signature]*

Eric C. Rowe (Federal Bar # 14816)
David S. Panzer (Federal Bar # 14860)
GREENBERG TRAURIG, LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
Telephone: (202) 331-3100
Facsimile: (202) 331-3101

*Counsel for Plaintiff*
*Duty Free Americas, Inc.*

115763