IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| DUTY FREE AMERICAS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROSERVE CORPORATION, et al. )<br>)<br>Defendants )<br>) | Civil Action No. CCB 03 CV 432 |

### PLAINTIFF'S ANSWER TO COUNTERCLAIM

COMES NOW, Plaintiff Duty Free Americas, Inc. ("Duty Free"), by counsel, for its Answer to Defendants' Counterclaim, states as follows:

1. Duty Free is without knowledge or information sufficient to respond to the allegations in Paragraph 1, and accordingly denies the same.

2. Duty Free admits that in 1993, ProServe and Kellum Enterprises, Inc. formed Denver Airport Enterprises, LLC. Duty Free denies the remaining allegations of Paragraph 2.

3. Duty Free admits that Simon Falic is the Chairman of the Board of Directors and the Chief Operating Officer of Duty Free. The remaining allegations in Paragraph 3 are denied.

4. Duty Free is without knowledge or information sufficient to respond to the allegations in Paragraph 4, and accordingly denies the same.

5. Duty Free is without knowledge or information sufficient to respond to the allegations in Paragraph 5, and accordingly denies the same.

6. Duty Free admits that World Duty Free Airports (Denver), Inc. f/k/a Fenton Hill American (Denver), Inc. formed a joint venture with Denver Airport Enterprises ("DAE"), which was referred to as the DAE/WDFA Joint Venture. Duty Free is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 6, and accordingly denies the same.

7. Duty Free admits that the DAE/WDFA Joint Venture operated various retail concession stands at Denver International Airport until 2002. Duty Free denies the remaining allegations in Paragraph 7.

8. Duty Free admits that representatives of ProServe became acquainted with representatives of Duty Free. Duty Free is without knowledge or information sufficient to respond to the allegations in Paragraph 8, and accordingly denies the same.

9. Duty Free admits that the Lewiston store was the most profitable store on the Northern border. Duty Free further admits that ProServe was to open a Tricon restaurant in that store. Duty Free is without knowledge or information sufficient to respond to the allegations in Paragraph 9, and accordingly denies the same.

10. Denied.

11. Duty Free is without knowledge or information sufficient to respond to the allegations in Paragraph 11, and accordingly denies the same.

12. Denied.

13. Denied.

14. Duty Free admits that on October 11, 2001, Duty Free changed ownership. Duty Free denies the remaining allegations contained in Paragraph 14.

15. Denied.

16. Duty Free admits that ProServe encountered labor-related difficulties. On the basis of such problems, Duty Free contributed an additional $100,000 toward ProServe's construction project. Duty Free is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 16, and accordingly denies the same.

17. Duty Free admits that the parties entered into a Memorandum of Agreement dated December 31, 2001. Duty Free denies the remaining allegations in Paragraph 17.

18. Duty Free admits that on March 1, 2002, Duty Free, WDFA (Denver), and DFA Holdings assigned their respective interests in the DAE/WDFA Joint Venture. As the remaining allegations contain vague and ambiguous terms, Duty Free is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 18, and accordingly denies the same.

19. Denied.

20. Upon information and belief, ProServe's store was in operation for less time then any other Tricon restaurant. Duty Free denies the remaining allegations in Paragraph 20.

## COUNT I

21. Duty Free restates and incorporates by reference its answers and responses to the allegations contained in paragraphs 1 through 20 above as if set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT II

32. Duty Free restates and incorporates by reference its answers and responses to the allegations contained in paragraphs 1 through 31 above as if set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the absence of any damages or due to defendants' failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred due to the defendants' failure to plead in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred due to the defendants' failure to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred because Duty Free did not issue any false statements or misrepresentations. In the absence of those false statements or misrepresentations, ProServe did not rely on any false statements or misrepresentations.

## NINTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred because, upon information and belief, they were engaged in willful, negligent and/or reckless conduct, fraud, negligent misrepresentations concerning defendants' scheme to breach their obligations under the Sublicense and Memorandum of Agreement in an effort to obtain the Denver stores cost-free.

## TENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred because, upon information and belief, they intentionally breached the Sublicense and Memorandum of Agreement in an effort to obtain the Denver stores cost-free.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the doctrine of illegality.

Duty Free respectfully reserves the right to add other affirmative defenses up to and including the time of trial.

## PRAYER FOR RELIEF

The remaining allegation in the Counterclaim is a prayer for relief that does not require an admission or denial by Duty Free. To the extent a response is required, Defendants' entitlement to such relief is denied.

Wherefore, having fully answered, Duty Free respectfully requests that this Court dismiss Defendants' counterclaim, adjudging that Duty Free is not liable, and award Duty Free its costs incurred in connection with the Counterclaims.

Dated: March 31, 2003                Respectfully submitted,

/s/ David S. P.
_____
Eric C. Rowe (Federal Bar No. 14816)
David S. Panzer (Federal Bar No. 14860)
GREENBERG TRAURIG, LLP
800 Connecticut Ave., N.W.
Washington, DC 20006
Telephone: (202) 331-3100
Facsimile:  (202) 331-3101

*Counsel for Plaintiff/Counter-claim
Defendant Duty Free Americas, Inc.*