IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **DUTY FREE AMERICAS, INC.** f/k/a **WORLD DUTY FREE AMERICAS, INC.**, f/k/a **DUTY FREE INTERNATIONAL, INC.** | * * * | |
| Plaintiff | * | Civil Action No. CCB 03 CV 432 |
| v. | * * | |
| **PROSERVE CORPORATION,** a Colorado Corporation and Joseph M. Aragon, Individually | * * | |
| Defendants | * * | |
| v. | * | |
| **SIMON FALIC** | * | |
| Counterclaim Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, PROSERVE
CORPORATION'S, MOTON TO TRANSFER VENUE**

Defendant, ProServe Corporation, by its undersigned counsel, respectfully submits this memorandum in support of its motion to transfer venue.

**INTRODUCTION**

This case involving a store on the New York/Canadian border was brought in Maryland only because of a forum selection clause in a Sub-license Agreement (the "Agreement") between Plaintiff, Duty Free Americas Inc. ("Duty Free") and Defendant, ProServe Corporation ("ProServe"). This forum selection clause was inserted for the convenience of Duty Free at a

336715                                     1

time when its corporate offices were located in Maryland.  Duty Free elected not to seek enforcement of the forum selection clause when it did not file a motion to remand within thirty (30) days after the notice of removal filed by Defendant, Joseph M. Aragon ("Mr. Aragon").  Duty Free, therefore, has waived any right to rely upon the forum selection clause.  ProServe, accordingly, now moves pursuant to 28 USC § 1404(a), that the entire case before this Court be transferred to the United States District Court for the District of Colorado.[1]

## ARGUMENT

### I.  This Court Should Exercise Its Discretion To Transfer This Action

ProServe hereby adopts by reference the arguments made with respect to a transfer of this case under 28 U.S.C. § 1404(a) in Mr. Aragon's Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Transfer Venue filed with this Court on March 7, 2003.  As additional support, ProServe states the following.

The Agreement's forum selection clause made the County Circuit Court for Anne Arundel County the initial venue applicable for any action arising under it.  See complaint, Exhibit A.[2]  Any right ProServe may have given up to remove the case to federal court by executing the Agreement has no bearing on this motion to transfer.  Duty Free has waived any right it may have had to rely upon the forum selection clause by not seeking to enforce it by

---

[1] A detailed statement of facts is contained in Mr. Aragon's memorandum of law in support of his Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, to Transfer Venue.  To avoid repetition, ProServe adopts such statement of facts herein.

[2] Specifically, the Agreement reads "[t]his Agreement is to be construed according to the laws of the State of Maryland and may be enforced only [sic] Maryland State state courts, venue Anne Arundel County."  See complaint, ¶ 23, and Exhibit A to the complaint.

filing a motion to remand within the thirty (30) day time period for doing so under 28 U.S.C. ¶1447(c).

More specifically, a party may waive its right to enforce a forum selection clause. See e.g. Unity Creations, Inc. v. Trafcon Indus., Inc., 137 F. Supp. 2d. 108 (E.D. N.Y. 2001). In that case, the district court held that the plaintiff had waived its right to enforce a forum selection clause by filing suit in the wrong county. The court held that the right to rely on such a clause may be waived where the party seeking to invoke it has taken actions inconsistent with it. See id.

Under Maryland law, either party to a contract may waive any of the provisions made for his or her benefit. Miller v. Bristol-Myers Squibb Co., 121 F. Supp. 2d 831, 842 (2000). "Waiver" has been defined in Maryland as follows:

> A waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from the circumstances. "[A]cts relied upon as constituting a waiver of the provisions" of a contract must be inconsistent with an intention to insist upon enforcing such provisions."

The Redemptorists v. Coulthard Services, Inc., 145 Md. App. 116 (2002), quoting BarGale Indus., Inc., v. Robert Realty Co., 275 Md. 638, 643, 343 A.2d 529 (1975).

In this case, by not seeking to remand, Duty Free has acted inconsistently with its rights under the forum selection clause, thereby waiving its right to rely upon it in opposition to a to transfer venue under § 1404(a). As set forth in Mr. Aragon's motion, absent an enforceable forum selection clause, the 1404(a) factors weigh heavily in favor of transferring this case to Colorado.

## CONCLUSION

For the reasons set forth herein, ProServe respectfully submits that this Court should transfer this entire case to the United States District Court for the District of Colorado where the convenience of and access to crucial witnesses is greater and the interests of justice would be better served.

Dated this 4th day of April, 2003.

                                          */s/ Lee B. Rauch*
                                   Lee B. Rauch, Bar #12135
                                      Tydings & Rosenberg LLP
                                      100 East Pratt Street, 26th Floor
                                      Baltimore, Maryland 21202
                                      (410) 752-9700 (phone)
                                      (410) 727-5460 (facsimile)

Attorneys for Defendant/Counter-Plaintiff, ProServe Corporation and Defendant, Joseph M. Aragon

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **DUTY FREE AMERICAS, INC.** | * | |
| **f/k/a WORLD DUTY FREE** | | |
| **AMERICAS, INC., f/k/a DUTY** | * | |
| **FREE INTERNATIONAL, INC.** | | |
| | * | |
| **Plaintiff** | | Civil Action No. CCB 03 CV 432 |
| | * | |
| v. | | |
| | * | |
| **PROSERVE CORPORATION,** | | |
| a Colorado Corporation and | * | |
| Joseph M. Aragon, Individually | | |
| | * | |
| **Defendants** | | |
| | * | |
| v. | | |
| | * | |
| **SIMON FALIC** | | |
| | * | |
| **Counterclaim Defendant** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **ORDER**

Upon consideration of Defendant, ProServe Corporation's, Motion to Transfer Venue, supporting memorandum, any response thereto, and any hearing thereon, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland, ordered:

(1) That Defendant, ProServe Corporation's, Motion to Transfer Venue be, and the same hereby is, granted;

(2) That this action, in its entirety, including all claims and counterclaims, be, and the same hereby is, transferred to the United States District Court for the District of Colorado; and

#337234

(3)     That the Clerk of the Court shall serve a copy of this Order to all parties.

_____
Catherine C. Blake, Judge

#337234                                                  6